CURRENT OHIO COURT of APPEALS CASES
Weekly Advance Abstract Opinions

No. 166
RINEHART, Admr. v. FURNACE CO.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1236. Decided Dec. 12, 1924.

1066. SCINTILLA RULE—Applicable to evidence in wrongful death case.

1235. VERDICT—Should not be directed unless there is absence of evidence tending to prove negligence, or unless the contributory negligence of injured party is clearly established.

ALLREAD, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This was an action for wrongful death instituted in the Franklin Common Pleas. The decedent, Sarah Rinehart, had alighted from a street car, passed around the rear thereof and attempted to cross to the other side of the street when, according to the claim of the Admin., she was struck and killed by a Ford Coupe, driven by an agent of the Wellston Iron Furnace Co. At the close of the plaintiff's evidence the court directed a verdict against him. Rinehart raised the question that the directed verdict was not proper under the evidence.

The court held it was upon Rinehart to prove:

1. That the driver of the automobile was the agent of the Furnace Co.

2. That the machine so driven struck and killed the decedent.

3. That the driver was negligent; such negligence resulting in the injury and death of Sarah Rinehart.

4. That evidence offered by the plaintiff does not infer contributory negligence on the part of the decedent.

Rinehart claims that these issues raised in the case and should have gone to the jury.

The Court of Appeals, on review of the record said:

1. Sheward, the driver of the automobile testified as to his agency, showing he was the agent of the Furnace Co.

2. One Fallon testified that the decedent was struck by the machine driven by Sheward.

3. As to negligence, the driver testified that he did not see decedent until she was lying in the street; other witnesses testified, however, that Rinehart deceased was plainly seen as she came from the rear of the car.

4. As to the question of contributory negligence; it is mingled with the last chance doctrine. Evidence tended to show that the driver, if he had been diligent, could have avoided striking decedent, had he veered to the side.

These issues were all for the jury to determine. Rinehart in the Court below was entitled under the scintilla rule the most favorable construction that could be placed upon any of the evidence offered. The province of weighing the evidence is exclusively for the jury. McMurtie v. Wheeling Traction Co. 107 OS 107.

There is some evidence tending to support the material issues of Rinehart's case, but that evidence does not establish contributory negligence as a matter of law. Judgment was reversed and cause remanded for a new trial.

Attorneys—F. S. Monnett, and Chas. R. Doll for Rinehart; Joseph McGhee and Arnold & Wright for Furnace Co., all of Columbus.

No. 167
STATEN v. STATEN
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5104. Decided Sept. 15, 1924.

1162. TESTIMONY—Exclusion of, by trial court, under circumstances of case, justifiable.

PER CURIAM.

Epitomized Opinion
Published only in Ohio Law Abstract

Jennie Staten brought action in Cuyahoga Common Pleas against Charles Staten for divorce and the decree was granted. She was also awarded $50 a month alimony. The trial court excluded testimony of Charles tending to show there was an agreement between parties as to permanent alimony and settlement of property rights.

Error was prosecuted by the husband to Court of Appeals on these grounds:

1. Decree was too indefinite to give it any validity.

2. Error in exclusion of testimony.

The Court of Appeals held: that the decree contains no elements of uncertainty and is therefore a proper decree.

The trial court was correct in excluding the testimony of Staten because he attempted to introduce a writing purporting to be an agreement between parties for a permanent alimony, and such agreement was not signed by both parties. Finding no substantial error to justify a reversal, the judgment of the Common Pleas is affirmed.

Attorneys—F. A. Gillespie for Mr. Staten; L. L. Jira for Mrs. Staten; all of Cleveland.